# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| RHONDA CHRISTINE MAPLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-6002-CV-SJ-FJG |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

## ORDER

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. On January 31, 2006, plaintiff filed her application. Plaintiff's application was denied initially. Thereafter, plaintiff requested an administrative hearing. On June 12, 2009, following the hearing the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. On November 5, 2009, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995). This

determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision.  Fountain v. Railroad Retirement Bd., 88 F.3d 528, 530 (8th Cir. 1996).  The Court's role, however, is not to re-weigh the evidence or try the issues de novo.  Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993)).  When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.  Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence is more that a mere scintilla but less than preponderance.  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997)(citing Clark v. Chater, 75 F.3d 414, 416 (8th Cir. 1996)).  The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts.  Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988).  "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."  Id.  Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision."  Roe v. Chater, 92 F.3d 672, 675 (8th Cir. 1996) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d) (1) (A). If the claimant succeeds, the burden of production shifts to the commissioner to establish

that plaintiff can perform some other type of substantial gainful activity in the national economy.  See Young v. Apfel, 221 F.3d 1065, 1069, n. 5 (8th Cir. 2000); see also, 68 Fed. Reg. 51,153 - 51,163 (August 26, 2003); 20 C.F.R. § 404.1560(c)(2).

The Court has reviewed the parties' briefs and the record below.  Despite this searching review, the Court cannot find substantial evidence in the record to support the Commissioner's decision.  Specifically, the Court finds that the ALJ erred in (1) failing to grant "controlling weight" to the opinion of treating physician Dr. William Boulware, (2) discrediting and/or minimizing plaintiff's reports of disabling pain and problems related to her psoriasis[1] and Crohn's disease; and (3) failing to adequately form an RFC that would account for plaintiff missing work at least two times a month due to illness or doctor appointments.[2]

Reversal and entry of judgment may be appropriate when a remand would only serve to delay the award of benefits.  Porch v. Chater, 115 F.3d 567, 573 (8th Cir. 1997) (citing Andler v. Chater, 100 F.3d 1389, 1394 (8th Cir. 1996)).  The Court finds that the record in this case unquestionably supports an award of benefits.

Accordingly, it is hereby **ORDERED** that plaintiff's claim, as stated in her brief (Doc. # 9) is **GRANTED.**  The decision of the Commissioner is hereby reversed and judgment

---

[1] Among other difficulties, plaintiff was admitted to North Kansas City Hospital for six days in August 2007 due to a severe bilateral foot infection with macerated edematous.  The foot infection appears to have been related to plaintiff's psoriasis.

[2] Plaintiff's Crohn's disease and psoriasis are treated via Remicade chemotherapy at approximately six week intervals.  This treatment appears to take several hours to administer.  Plaintiff's medical records further indicate she sees her primary care physician at least once per month, with additional intermittent visits to specialists.  The vocational expert testified that there would be no work available if plaintiff missed work two times a month due to illness of doctor appointments.

shall be entered awarding plaintiff benefits, with a period of disability commencing June 23, 2005.

**IT IS SO ORDERED.**

Date: 01/25/11
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge